**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**

----------------------------------------------------------------X

In Re:

Chapter 13

Victor Carl Ingram
Agnes Boon Ingram

Case No. 3:10-bk-04016

----------------------------------------------------------------X

## CHAPTER 13 PLAN

The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the debtor shall pay the Trustee the sum of $ 3500.00 for 60 months.

From the payments so received, the Trustee shall make disbursements as follows:

### A. PRIORITY CLAIMS

1. Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Sec. 507. The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of (10%) of the amount of all payments under the Plan.

2. The Debtors' Attorney shall be paid the sum of $1850.00 as the balance of his fee for representing the Debtors in this case with payments in the amount of $ 486.25 until paid in full. The remaining Balance of these monthly payments shall be applied to the arrearages due to Carrington Mortgage as specified in paragraph B 2 bellow, then to the arrearages due to Carrington Mortgage as specified in paragraph B 3 then to unsecured creditors as specified in paragraph C-1 below.

### B. SECURED CLAIMS

Holders of allowed secured claims shall retain the liens securing such claims until their allowed secured claim is paid in full as per this plan and shall be paid as follows:

1. Carrington Mortgage holds a first Mortgage on Debtors' real property located at 901 N. Peninsula Drive, Daytona Beach, Florida, 32118. The Debtor surrenders this property to this creditor in full satisfaction of this debt.

2. Carrington Mortgage holds a first Mortgage on Debtors' real property located at 1167 Margina Avenue, Daytona Beach, Florida 32114. The Trustee shall pay the regular monthly payment to this creditor in the amount of $979.73. In addition the Trustee shall pay this creditor the sum of 11,510.37 as the arrearages due over the life of the plan in accordance with paragraph A 2 above.

3. Carrington Mortgage holds a first Mortgage on Debtors' real property located at 3768 Fiano Drive, Port Orange, Florida 32129. The Trustee shall pay the regular monthly payment to this creditor in the amount of $1175.20. In addition the trustee shall pay this creditor the sum of 10, 192.92 as the arrearages due over the life of the plan in accordance with paragraph A 2 above.

4. BMW Financial Services holds a purchase money security interest in the Debtors' 2004 BMW 530i with a Balance due of $15,500.00. The trustee shall pay this creditor the sum $ 15,500.00 with interest in the amount of 5.25% per annum in Monthly payments of $294.28 over the life of the Plan starting with the first plan payment.

5. Fmc-omaha Service Ct. holds a purchase money security interest in the Debtors' 2004 Ford F150 Pickup with a Balance due of $7,800.00. The trustee shall pay this creditor the sum $ 7,800.00 with interest in the amount of 5.25% per annum in Monthly payments of $ 148.09 over the life of the Plan starting with the first plan payment.

6. Max Power Financial holds a purchase money security interest in the Debtors' 2002 Harley Davidson Motorcycle with a Balance due of $3,500.00. The trustee shall pay this creditor the sum $ 3,500.00 with interest in the amount of 5.25% per annum in Monthly payments of $66.45 over the life of the Plan starting with the first plan payment.

C. UNSECURED NON-PRIORITY CLAIMS

1. Any claims filed after the deadline to file proofs of claims shall receive no distribution under this plan unless specifically provided for in this plan. Unsecured creditors, including secured creditors that have deficiency claims

or whose liens have been avoided, who timely file claims, shall receive a pro-rata distribution.

2. No creditor shall be entitled to late fees, Attorney fees, other costs or interest other than the interest contained in the payments provided for by the plan during this bankruptcy, including the life of this plan, except as ordered by the Court.

3. The following executory contracts is/are rejected: None

4. Title to the Debtor(s) property shall revest in the debtor on confirmation of the Debtor(s) plan.

Dated: 5-10-10

Julius A. Rivera, Jr., Esq.
Florida Bar No.18342
806 South Street
Peekskill, New York 10566
888-372-4529